UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RYAN MEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-361-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY ACCOUNTS SERVICE, LLC, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kentucky Accounts Service, LLC's ("KAS") unopposed motion for summary judgment. [Record No. 21] KAS seeks summary judgment regarding claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692e(3) and §1692e(5). There are no material issues of fact regarding these claims and KAS is entitled to judgment as a matter of law. However, the plaintiff has alleged violations of six different statutory sections of the FDCPA. Because the defendant has not addressed the remaining four claims in its motion, partial summary judgment will be granted and the plaintiff's alleged violations of 15 U.S.C. §§ 1692e(4), 1692e(8), 1692e(10), and 1692g will remain for trial.

**I.**

On November 17, 2012, Plaintiff Ryan Medley enrolled in a tuition payment plan contract with Emergency Medical Training Professionals ("EMTP"). [Record No. 21-2] The total amount owed under the plan was $4,500.00, to be paid in eight installments over a

- 1 -

seven month period. [*Id.*] The plaintiff failed to make any payments on the contract. On or about January 15, 2013, the defendant began attempting to collect the debt.[1] [Record No. 21-1, p. 1] On January 28, 2013, the plaintiff sent the defendant a letter disputing the alleged debt. [Record No. 18, p. 2 ¶ 9]

The claims at issue derive from two letters sent by the defendant. On April 22, 2013, the defendant sent a letter stating that the plaintiff failed to contact the defendant within seven days, "will indicate that you prefer Kentucky Accounts Service to take the appropriate action and move the collection process to the attention of our legal department." [Record No. 21-3] Further, on August 6, 2013, the defendant sent another letter to the plaintiff indicating that "[w]hen authorization [to start legal action] is granted, our attorney will ask the court for judgment and once obtained, we may also order garnishment of your wages, attachment, or levies on your property(s)." [Record No. 21-4]

On August 6, 2013, KAS was assigned the $6,176.25 balance due on the debt from EMTP. [Record No. 21-7] On September 4, 2013, attorney Kyle R. Salyer, on behalf of the

---

[1] Whether the defendant qualifies as a "debt collector" under 15 U.S.C. § 1692a(6) is contested within its own pleadings. EMTP was a client of the defendant, a professional collections service, and asked for assistance in collecting the debt. At the time debt collection attempts began, the defendant had not been assigned the debt. In its Answer, KAS denied that it qualified as a "debt collector." [Record No. 5, p. 1 ¶ 4] However, in its Answer to the Amended Complaint, KAS admitted to qualifying as a "debt collector." [Record No. 19, p. 1 ¶ 3] Further, in its motion for summary judgment, KAS both admitted and denied qualifying as a "debt collector." [Record No. 21-1, pp. 1–3]

Under 15 U.S.C. § 1692a(6), a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." This has been interpreted to refer to "persons attempting to collect debts due another." *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007). Here, KAS provides debt collection services to its clients and attempted on numerous occasions to recover the debt owed to EMTP. Further, KAS has provided no authority indicating that it does not qualify under the statute. Under the circumstances, the Court concludes that KAS qualifies as a "debt collector" under 15 U.S.C. § 1692a(6).

plaintiff, sent a letter to KAS advising it of alleged violations of the FDCPA resulting from its communications with the plaintiff. [Record No. 21-6] Thereafter, employees of KAS were instructed to make no further collection efforts and communication ceased with the plaintiff. [Record No. 21-5, p. 1]

On October 28, 2013, the plaintiff brought the current action. [Record No. 1] He alleges that KAS violated the FDCPA through its communications regarding collection of the debt. [Record No. 18, pp. 2–4] Specifically, the plaintiff maintains that KAS violated the FDCPA by: (i) falsely representing or implying that the defendant's employee was an attorney or was communicating on behalf of an attorney in violation of 15 U.S.C. § 1692e(3) and (ii) threatening to take action that could not be legally taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5). [Record No. 18, p. 3]

**II.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the non-moving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light

most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

However, the non-moving party cannot avoid summary judgment merely by resting on the pleadings. *Celotex*, 477 U.S. at 324. Instead, it must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" *Dixon v. Gonzalez*, 481 F.3d 324, 330 (6th. Cir. 2007) (citing *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993)). It has "an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001). Thus, where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 586–87. As outlined above, the plaintiff has not disputed the facts outlined in KAS's motion.

### III.

**The FDCPA**

The plaintiff argues that two violations of the FDCPA occurred as a result of the collection letters sent by the defendant: specifically, violations of 15 U.S.C. §§ 1692e(3) and 1692e(5). [Record No. 21-1, pp. 3–5] The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating

the debt or permitted by law." 15 U.S.C. §§ 1692e, f(1). Where a plaintiff brings claims under the FDCPA, the claims are tested under the "least sophisticated consumer" standard; that is, "whether the least sophisticated consumer would be misled by the defendant's actions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012) (internal quotation marks omitted). The purpose of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692 *et seq*. The abusive debt collection practices which the FDCPA seeks to remedy includes "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009).

1. **15 U.S.C § 1692e(3)**

Section 1692e(3) prohibits a debt collector from falsely representing or implying "that any individual is an attorney or that any communication is from an attorney." The plaintiff alleges that the defendant violated this section in its April 22, 2013 letter, by stating that failure to respond would "indicate that you prefer Kentucky Accounts Service to take the appropriate action and move the collection process to the attention of our legal department." [Record No. 21-3] Further, he contends that the August 6, 2013 letter, also violated the section by stating "our attorney will ask the court for judgment." [Record No. 21-4] KAS argues that the letters could not amount to a FDCPA violation because they do not purport to be sent by an attorney. [Record No. 21-1, pp. 3–4]

There is no false representation or implication that "any individual is an attorney" in either of the letters. 15 U.S.C. § 1692e(3). The April 22 letter, by indicating that failure to respond would "move the collection process to the attention of our legal department," implicitly recognized that no attorneys had been consulted prior to mailing the letter. *See Leblanc v. Unifund CCR Partners, G.P.*, 552 F. Supp. 2d 1327, 1335–36 (M.D. Fla. 2008), *rev'd on other grounds*, 601 F.3d 1185 (11th Cir. 2010) (finding that a letter sent from Unifund's Legal Department stating that "if we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration" did not violate § 1692e(3)). Also, the August 6 letter, only mentioned that an attorney would ask for a judgment from the court after being authorized by the plaintiff's creditors. This does not allow for the conclusion that an attorney was involved with sending or creating the letter. Further, both letters state that KAS is "a debt collection agency." Taken together, not even the least sophisticated consumer could be misled or deceived into reasonably believing that the defendant's communications were from an attorney. Thus, KAS's motion is granted in relation to the claim under § 1692e(3).

## 2. 15 U.S.C. § 1692e(5)

Section 1692e(5) prohibits a debt collector from "[making a] threat to take any action that cannot legally be taken or that is not intended to be taken." Therefore, there are two types of prohibited threats: "a threat to take any action that cannot legally be taken *or* that is not intended to be taken." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). Here, the plaintiff contends that KAS violated this section in the August 6, 2013 letter. The letter reads, in relevant part, that "[w]hen authorization [of the debt] is granted,

our attorney will ask the court for judgment and once obtained, we may also order garnishment of your wages, attachment, or levies on your property(s)." [Record No. 21-4] The plaintiff alleges that "Defendant had no intention of filing a lawsuit against Plaintiff . . . at the time the threat [of garnishment, attachment, or levies on property] was made, as the alleged debt remains unpaid [and] more than two months have passed since Defendant's latest threat, but no lawsuit has been filed against Plaintiff."[2] [Record No. 18, pp. 2–3]

The defendant submitted the affidavit of Louis H. Vettraino, a member and manager of KAS, as evidence that the company intended to bring action against the plaintiff. [Record No. 21-5] Vettraino states that, at the time the letters were sent, KAS intended to bring a civil action. However, the plan changed after KAS received the September 4, 2013 letter, from the plaintiff's attorney advising of the alleged FDCPA violations. [*Id.*, p. 1] After receiving the letter, Vettraino spoke with outside legal counsel and instructed his employees to make no further collection efforts until instructed differently. [*Id.*]

Failure to file a lawsuit alone does not establish that a debt collector never intended to file a lawsuit in violation of § 1692e(5). *Shuler v. Ingram & Assocs.*, 710 F. Supp. 2d 1213, 1225 (N.D. Ala. 2010) (granting summary judgment where the creditor had not yet elected to sue on a debt and the plaintiffs did not present evidence that the defendant only sued over debt on rare occasions). Here, KAS provides debt collection services and seeks to maximize

---

2   The plaintiff provides no evidence and does not make any arguments contending that any of the actions KAS stated it could take were unlawful. In any event, the actions listed in the letter are authorized by Kentucky law. KAS stated that it would "ask the court for judgment and once obtained, . . . order garnishment of your wages, attachment, or levies on your property(s)." [Record No. 21-4] Under KRS § 425.501 and § 427.010, the holder of a final judgment may file an affidavit with the court to obtain an order for garnishment of wages. Under KRS § 425.301, attachment may be awarded as security for the satisfaction of a judgment. Finally, a levy may be taken on property under KRS § 426.010.

the collection of their client's outstanding accounts receivables. The plaintiff has failed to produce any evidence to suggest that KAS rarely brings suit on debts it has been assigned. Further, the debt was assigned to KAS as a business accommodation to assist in the collection of the account on the same day that the letter in question was sent. [Record No. 21-4; Record No. 21-7] This fact makes it even more apparent that the intention to collect the debt was sincere. There is no genuine issue of material fact regarding whether KAS intended to file suit. As a result, summary judgment will be entered with respect to the claim brought under § 1692e(5).

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The defendant's motion for summary judgment [Record No. 21] is **GRANTED** with respect to the claims alleging violations of 15 U.S.C. §§ 1692e(3) and 1692e(5). Those claims are **DISMISSED**, with prejudice.

2. The plaintiff's claims alleging violations of 15 U.S.C. §§ 1692e(4), 1692e(8), 1692e(10), and 1692g, remain pending.

This 28th day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge